# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDHI CARDENAS, | Civil Action No. 17-13803 (SDW) |
| Petitioner, | |
| v. | OPINION |
| RON EDWARDS, | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner Sandhi Cardenas filed pursuant to 28 U.S.C. § 2241 (ECF No. 1). Following an order to answer, the Government filed a response to the petition. (ECF No. 8). Petitioner did not file a reply. For the following reasons, this Court will deny the petition without prejudice.

**I. BACKGROUND**

Petitioner, Sandhi Cardenas, is a native and citizen of the Dominican Republic who entered the United States on a nonimmigrant visa in July 1989 with permission to remain in the country until January 2, 1990. (Document 2 attached to ECF No. 8 at 2). Petitioner, however, did not depart after her visa expired, and remained in the United States. (*Id.*). Following several convictions for driving while intoxicated and fraud, Petitioner came to the attention of immigration officials in 2017. (Document 1 attached to ECF No. 8). On February 22, 2017, the Government issued a notice to appear directing Petitioner to appear for removal proceedings. (Document 2 attached to ECF No. 8 at 2). The Government thereafter served that notice on Petitioner on June

14, 2017, and took her into immigration custody on that date. (*Id.* at 3). Petitioner has remained detained since that time.

Upon being taken into custody, Petitioner was informed that she was being detained under the Government's discretionary authority pursuant to 8 U.S.C. § 1226(a). (Document 4 attached to ECF No. 8). Petitioner thus requested a bond hearing, which she received in July 2017. (*Id.*). On July 7, 2017, an immigration judge denied Petitioner's request for bond as the judge determined that Petitioner was a threat to the community based on her prior driving while intoxicated convictions. (Documents 5-6 attached to ECF No. 8). Petitioner appealed, and the Board of Immigration Appeals ("BIA") dismissed her bond appeal, finding that the immigration judge had not committed reversible error. (Document 10 attached to ECF No. 8). Petitioner was thereafter ordered removed, but appealed to the BIA, which remanded for recovery of the record. (Document 9 attached to ECF No. 8). Petitioner thus has been afforded a bond hearing, was denied bond, and remains detained, but is not yet subject to a final order of removal.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his

claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

**1. Petitioner may not bring her medical claim through a habeas corpus petition**

In her petition, Petitioner presents two claims – first, that she should be released from immigration detention either because her detention has become overlong or because she is likely to succeed on appeal from her order of removal apparently based on an approved application for permanent residency, and second, that she is not receiving proper medical care for a pinched nerve and broken clavicle while detained. Although Petitioner's first claim is a claim subject to habeas review, Petitioner's second claim is not. "Federal habeas corpus relief is available only 'where the deprivation of rights is such that it necessarily impacts the fact or length of detention.'" *Bonadonna v. United States*, 446 F. App'x 407, 409 (3d Cir. 2011) (quoting *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002)). Allegations of deficient medical care, however, do "not 'spell speedier release, ' and thus do[] not lie at the 'core of habeas corpus.'" *Id.* (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *see also Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Leamer*, 288 F.3d at 542-44. Such claims are thus not valid habeas claims, and may not be brought via a petition for a writ of habeas corpus, and must instead be brought via a civil complaint, usually pursuant to 42 U.S.C. § 1983. *Bondadonna*, 446 F. App'x at 409. Petitioner's medical claim is dismissed. To the extent Petitioner wishes to pursue such a claim, she must instead "proceed through a civil rights action after exhausting [her] administrative remedies." *Id.*

**2. Petitioner has failed to present a valid basis for habeas relief**

In her habeas petition, Petitioner asserts that her continued detention pending the conclusion of removal proceedings violates Due Process, either because it has become overlong or because she is likely to obtain relief from removal on appeal. Because Petitioner is being held pursuant to the Government's discretionary detention authority under 8 U.S.C. § 1226(a), her entitlement to relief largely depends on whether she received a bona fide bond hearing. *See Contant v. Holder*, 352 F. App'x 692, 694-96 (3d Cir. 2009); *Colon-Pena v. Rodriguez*, No. 17-10460, 2018 WL 1327110, at *2 (D.N.J. Mar. 15, 2018). As this Court explained in *Colon-Pena*,

> Aliens held pursuant to 8 U.S.C. § 1226(a) are entitled to bond hearings at which they can secure their release if they can "demonstrate [that] they would not pose a danger to property or persons and . . . are likely to appear for any future proceedings." *Contant*, 352 F. App'x at 695; 8 C.F.R. § 236.1(c)(8). At such a hearing, the burden rests on the alien himself, who must show that he does not pose a danger and is likely to appear "to the satisfaction of the" immigration judge holding the hearing. 8 C.F.R. § 236.1(c)(8); *see also Matter of Fatahi*, 26 I&N Dec. 791, 793-95 & n. 3 (BIA 2016). Congress specifically provided immigration officials with the discretion to grant or withhold release on bond, and "[n]o court may set aside any action or decision by [immigration officials] under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). District Courts sitting in habeas review therefore have no jurisdiction to review the decision of an immigration judge denying bond. *See, e.g., Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. January 5, 2016). Thus, where a § 1226(a) [detainee] was provided with a bona fide bond hearing, this Court may not grant him a new bond hearing or order his release, and the petitioner seeking review of the bond decision must instead either appeal the denial of bond to the Board of Immigration Appeals or seek his release through filing a request with immigration officials for a bond redetermination. *Id.*; *see also Contant*, 352 F. App'x at 695. The only situation in which a discretionary detainee who has received a bond hearing may be entitled to habeas relief arises where the petitioner can show that his bond hearing was conducted unlawfully or without Due Process, in which case this Court may have the authority to order a new bond hearing. *See, e.g, Garcia v. Green*, No. 16-0565, 2016 WL 1718102, at *3-4 (D.N.J. Apr. 29, 2016).

> . . . This Court is aware of no caselaw in this circuit which suggests that an alien who has already received a bond hearing under 8 U.S.C. § 1226(a) is entitled to release or a new bond hearing absent a showing that he was denied Due Process at his bond hearing or that his bond hearing was otherwise unlawfully conducted. S*ee, e.g., Garcia*, 2016 WL 1718102 at *3 (court can grant a new bond hearing to § 1226(a) detainee where the original hearing was conducted unlawfully or was not held at all, but cannot overrule denial of release after a bona fide hearing); *see also Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) (same). Indeed, in its recent decision in *Jennings v. Rodriguez*, 538 U.S. ---, 138 S. Ct. 830 (2018), the Supreme Court explicitly rejected decisions of the Ninth Circuit providing that an alien, after his first bond hearing under § 1226(a), should receive new hearings every six months where the burden would shift to the Government to prove that Petitioner's detention remained necessary. 138 S. Ct. at 847-48. As the Court noted, "[n]othing in § 1226(a)'s text . . . even remotely supports the imposition of either of those requirements." *Id.* at 847. Thus, it is clear that, absent a showing that his bond hearing was conducted in the absence of Due Process or was otherwise unlawfully conducted, an alien held pursuant to § 1226(a) who has previously received a bona fide bond hearing is not entitled to habeas relief. *Id.* at 847-48.

2018 WL 1327110, at *2.

As the records in this matter show, Petitioner received a bond hearing in July 2017 and was denied bond. She appealed, and the BIA dismissed her appeal as the immigration judge had not erred in denying her bond based on the danger to the community she represented. To the extent Petitioner wishes for this Court to reconsider the decisions of the immigration courts denying her bond, this Court is without jurisdiction to do so. 8 U.S.C. § 1226(e). To the extent Petitioner has argued that her detention has become "extended" and that she is therefore entitled to another bond hearing merely based on the passage of time, that argument is foreclosed by *Jennings* as "[n]othing in § 1226(a)'s text . . . even remotely supports" such a proposition. 138 S. Ct. at 847. Petitioner would therefore only be entitled to habeas relief if she could show that she was denied Due Process during her bond hearing or bond appeal. *See Garcia*, 2016 WL 1718102 at *3. Petitioner has

made no such showing, and has provided no more than a conclusory allegation in support of any of her claims. As Petitioner has failed to show in any way that she was deprived of Due Process during her bond hearing or appeal, she has failed to show any basis for habeas relief, and she is not entitled to the bond hearing or release that she seeks.

Finally, to the extent Petitioner sought relief from removal from this Court, rather than the immigration courts, based on her allegation that she is likely to prevail on appeal or that she allegedly received an approved petition for permanent residency, this Court is without jurisdiction to hear any such claim as Petitioner has not yet exhausted that claim by presenting it to the BIA. Immigration detainees seeking habeas relief from a district court are required to exhaust all of their claims before they may seek habeas review. *See Duvall v. Elwood*, 336 F.3d 228, 233-34 (3d Cir. 2003); *Yi v. Maugans*, 24 F.3d 500, 503-04 (3d Cir. 1994). "[E]ven when an alien is attempting to prevent . . . [removal] proceeding[s] from taking place in the first instance and is thus not, strictly speaking, attacking a final order of [removal] . . ., it is well settled that judicial review is precluded if the alien has failed to avail himself of all administrative remedies" including both removal proceedings and an appeal to the Board of Immigration Appeals. *Duvall*, 336 F.3d at 233. This exhaustion requirement both preserves the authority of the administrative courts to review claims in the first instance without judicial interference and fosters judicial economy and efficiency by ensuring that a complete administrative record is available for review before such claims are presented to the courts. *Id.* Because exhaustion is a jurisdictional requirement, the failure to present a claim to both the immigration judge and the BIA is "fatal to [a] District Court's jurisdiction over [a] habeas petition." *Id.* Because Petitioner has yet to receive a decision on the merits from the BIA as to her non-bond related claims, those claims are unexhausted and this Court is without jurisdiction to provide Petitioner with relief on the basis of those claims even had

Petitioner provided more than a conclusory allegation in support of them. Petitioner's habeas petition shall therefore be denied without prejudice in its entirety.

## III.  CONCLUSION

For the reasons expressed above, this Court will deny Petitioner's habeas petition (ECF No. 1) without prejudice.  An appropriate order follows.

Dated: May 10, 2018

                                            *s/ Susan D. Wigenton*
                                            Hon. Susan D. Wigenton
                                            United States District Judge